UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:14-cr-0003-SEB-TAB-1 |
| ) | |
| RUFUS EUGENE GUNN, III, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

On December 15, 2014, the Court held a final hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on September 8, 2014. Defendant Gunn appeared in person with his appointed counsel, Gwendolyn Beitz. The government appeared by James Warden, Assistant United States Attorney. U.S. Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Gunn of his rights and provided him with a copy of the petition. Defendant Gunn waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Gunn admitted to Violations 1, 2, 3, 4, 5 (Defendant admitted the first two paragraphs of Violation No. 5, but not the third paragraph of that Violation), and 7. Government orally moved to dismiss Violations 6 and 8 and the Court granted the same. [Docket No. 9.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not leave the judicial district without the permission of the court or probation officer."** |

During the first week of August 2014, the offender traveled with his wife and her children to Florida. Upon his return, the probation officer admonished the offender for failing to report he was leaving the district, failing to provide any information on where he was staying, and failing to call upon his return to the district.

On August 13, 2014, the offender advised he would be traveling with his wife to Michigan in the next few days to take his nephew back home. The offender was instructed by the probation officer to call and report when he was leaving the district and also call upon his return to the district. The offender did neither.

| | |
|---|---|
| 2 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 3 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 4 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| 5 | **"The defendant shall not unlawfully possess a controlled substance."** |

On August 28, 2014, the offender tested positive for marijuana and opiates. He admitted smoking marijuana, but did not admit using opiates. He has no prescription medications.

On August 28, 2014, during an approved search, the probation officer seized and searched the offender's cell phone, and the following text messages were found: Text received from "Erik" on July 27, 2014, "I got loud"; text received on July 27, 2014, from "Avery" said, "got loud" and the offender texted, "yeah"; text received on July 29, 2014, from his cousin, Rashita, she asked "about green" and the offender texted, "is it fruity"; text sent by offender on August 8, 2014, to 317-379-7205, "U got some loud for $20"; on August 6, 2014, text sent by offender to 914-393-3760, "I still got half a

blunt from last night and I'll bring it"; text send by offender to 914-393-3760, "yo my girls cousin wants some bud if u still good."

On September 3, 2014, the offender was arrested in Indianapolis for operating a vehicle while intoxicated endangering a person and operating a vehicle with a blood alcohol content .08 percent or more.

7  **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**

On August 22, 2014, the probation officer attempted to contact the offender at his last known residence; however, he was not home. The probation officer conducted surveillance on the offender and confirmed he had moved to an apartment in Noblesville, Indiana, without advising the probation officer. On August 28, 2014, the probation officer confronted the offender and he confirmed he had moved without notifying the probation officer.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is V.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 18 to 24 months' imprisonment.

5. The parties jointly recommended a modification of Defendant Gunn's supervised release to include GPS monitoring until March 16, 2015. Defendant Gunn is to continue on all other previously ordered supervised release conditions.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be modified so that the Defendant remains on GPS monitoring until March 16, 2015. Defendant will be responsible for paying $50 per month toward monitoring fees for the months of December, 2014 and January, February, and March, 201 (making Defendant responsible for a total of $200.00 of the GPS monitoring fees). The Defendant is to continue on all other previously ordered supervised release conditions.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 12/29/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal